# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MARIE A. HANDKE, Personal Representative of the Estate of THERESA ANN DAVIS, <br><br>          Plaintiff, <br><br> vs. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br>          Defendant. | No. C06-4106-PAZ <br><br> **ORDER ON MOTION FOR ATTORNEY'S FEES AND COSTS** |

_____

This matter is before the court on the plaintiff's application for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and attorney fees pursuant to 42 U.S.C. § 406(b). The defendant (the "Commissioner") does not object to an award of fees and expenses under EAJA, but does object to the amount of attorney's time for which the plaintiff seeks reimbursement. In addition, the parties disagree as to the correct hourly rate for reimbursement of the plaintiff's EAJA fees. As to the plaintiff's request for fees under 42 U.S.C. § 406(b), the Commissioner argues "such a request is premature" because the plaintiff's past-due benefits have not yet been calculated.

The plaintiff seeks reimbursement for 74.5 hours of attorney time and .5 hours of paralegal time in this case. The paralegal time was expended in performing tasks that are clerical in nature and thus not compensable under the EAJA. *See Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 977 (N.D. Iowa 2004). As to the attorney time, the Commissioner argues the amount requested is excessive, citing the average time expended in "routine cases," and further comparing the fee request here with average EAJA fee awards in this

district. The Commissioner claims the plaintiff has failed to demonstrate that the fees expended in this case were reasonable.

The court has broad discretion to determine the amount of time reasonably expended, and an EAJA fee award is reviewed only for abuse of discretion. *See Johnson v. Sullivan*, 919 F.3d 503, 505 (8th Cir. 1990) ("the ultimate amount of an EAJA fee award remains within the district court's discretion"); *see also Decker v. Sullivan*, 976 F.2d 456, 459 n.1 (8th Cir. 1992) (citing *S.E.C. v. Comserv Corp.*, 908 F.2d 1407, 1411 (8th Cir.) ("'[A] request for attorney's fees should not result in a second major litigation.' *Pierce v. Underwood*, 487 U.S. 552, 563, 108 S. Ct. 2541, 2548, 101 L. Ed. 2d 490 (1988)."). In determining whether a fee request is reasonable, "[t]he court should consider not merely whether the attorney's work was valuable to the client, but whether the issues were novel or complex, whether the record is voluminous or the facts are unusually complex, whether the attorney's specialized skill or knowledge was required, and what the usual number of hours for similar cases are in the area." *Johnson v. Barnhart*, 2004 WL 213183 (W.D. Mo. Jan. 14, 2004) (citing *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994); *Kramer v. Apfel*, 57 F. Supp. 2d 774, 775 (W.D. Iowa 1999); *Vanover v. Chater*, 946 F. Supp. 744, 746 (E.D. Mo. 1996)).

In the present case, the court has reviewed the time records submitted by the plaintiff's attorney carefully. This case only involved a period of twenty-two months during which the plaintiff alleged she was disabled. An ALJ found the plaintiff to be disabled as of October 31, 2003, but found she was not disabled during the period from January 24, 2002, through October 30, 2003. The plaintiff's brief contains a detailed recitation of her medical history from 1976 to 2005. Much of the medical history contained in the brief was not relevant to the court's review. The time records submitted by the plaintiff's attorney include some 36.3 hours to prepare the plaintiff's opening brief, much of that time spent reading, reviewing, and indexing the administrative record. The

court finds this amount to be excessive, given the limited time frame and scope of the issues involved in the case. In addition, the court finds the 6.0 hours claimed for a client conference and preparation of the Complaint, application to proceed *in forma pauperis*, Summons, and related documents to be excessive. These documents are quite routine for counsel who has an active Social Security practice. Numerous other time entries also appear to be somewhat overstated for the tasks described.

Overall, the court finds it is reasonable to reduce the total amount of attorney time subject to reimbursement by 35%, leaving a total of 48.43 hours subject to reimbursement. *See Colegrove v. Barnhart*, 435 F. Supp. 2d 218, 221 (W.D.N.Y. 2006) (holding the court need not "scrutinize each action taken or the time spent on it when determining what is reasonable," and may exercise its discretion "simply to apply a reasonable percentage reduction as a practical means of trimming fat from a fee application") (internal quotation marks, citation omitted)). While this amount still is in excess of the averages and norms cited by the Commissioner, the court notes the plaintiff's attorney in the present case devotes an attention to detail and thoroughness that also exceeds the norm, justifying the greater number of hours.

The Commissioner also argues the plaintiff has failed to justify any hourly rate greater than $125.00, citing 28 U.S.C. § 2412(d)(2)(A). The court finds an increase in the cost of living since the $125 rate was established in 1996 justifies an increase in the hourly rate. However, the court has not, as asserted by the plaintiff, determined that $166.02 is "the correct hourly rate, based on an adjusted cost of living, for E.A.J.A. fees." The court determined $166.02 was the correct hourly rate *only* for services performed in calendar year 2007[1]. The plaintiff's claim for attorney fees also includes

---

[1] *See Combs v. Astrue*, slip op., 2008 WL 89903 at *2 n.4 (N.D. Iowa Jan. 7, 2008).

time expended in 2006, for which the correct hourly rate is $161.85[2], and time expended in 2008, for which the correct hourly rate is $172.50.[3]

Pursuant to the formula set forth by Judge Mark W. Bennett in *Mernka v. Barnhart*, No. C04-3006-MWB (N.D. Iowa, Oct. 19, 2005), the court finds that after applying the 35% reduction discussed above, the plaintiff is entitled to reimbursement of attorney's fees in the amount of **$8,027.41**, calculated as follows:

| | |
|---|---:|
| (9.60 hours in 2006) x .65 = 6.24 hours x $161.85 | 1,009.94 |
| (61.80 hours in 2007) x .65 = 40.17 hours x $166.02 | 6,669.02 |
| (3.1 hours in 2008) x .65 = 2.02 hours x | 348.45 |
| **TOTAL** | **$ 8,027.41** |

The plaintiff also is entitled to reimbursement of expenses in the amount of **$1,395.28**, under the EAJA.

The plaintiff also is entitled to reimbursement of the **$350.00** filing fee, which is payable from the Judgment Fund administered by the Treasury, and not by the Social Security Administration under the EAJA. *See* 28 U.S.C. § 2412(d)(4); 31 U.S.C. § 1304.

Regarding the plaintiff's request for fees under 42 U.S.C. § 406(b), the plaintiff has submitted a copy of her attorney fee contract providing for a fee equal to "the lesser of 25% of the past-due benefits or up to $5,300.00, or such higher maximum as [the Social Security Administration] may later set as the maximum dollar limit pursuant to 42 U.S.C. §§ 406(a)(2)(A) and 1383(d)(2)(A) of the Social Security Act." However, "[w]ithout knowing the amount of past-due benefits, there is no way to determine the reasonableness of a twenty-five percent fee." *Nelson v. Sullivan*, 1990 WL 144928 at *6 (W.D.N.Y. Sept. 29, 1990) (citations, internal quotation marks omitted).

---

[2]*Id.*, n.3.

[3]$125 x (2008 annual index through April 2008, of 214.82/155.7) = $172.50.

The plaintiff has submitted copies of award letters dated March 17 and March 18, 2008. *See* Doc. Nos. 35-3 & 35-4. However, the amount of the plaintiff's actual past-due benefit award is not clear from these award letters. In particular, the award letter dated March 18, 2008, indicates the benefits may be reduced if the plaintiff also receives Supplemental Security Income for the period indicated, and the plaintiff's claim in this case included a claim for SSI benefits. Therefore, the motion for section 406(b) fees appears to be premature. Accordingly, the motion is **denied**, without prejudice to refiling once the amount of the plaintiff's past-due benefits is determined by the Social Security Administration.

In conclusion, IT IS ORDERED that the plaintiff's motion for attorney fees and expenses under the Equal Access to Justice Act is **granted in part and denied in part**. Judgment will enter for the plaintiff in the amount of **$8,027.41**, representing attorney fees, and **$1,395.28**, representing expenses, to be paid by the Social Security Administration pursuant to the Act; and **$350.00**, representing filing fees, to be paid from the Judgment Fund. The motion for section 406(b) fees is **denied**, without prejudice to refiling after determination of the plaintiff's past-due benefits.

**IT IS SO ORDERED.**

**DATED** this 16th day of May, 2008.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT